UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

HANNAH WALLACE,

        Plaintiff,

Case No. 09-11510

Honorable Nancy G. Edmunds

v.

THE INTERPUBLIC GROUP OF
COMPANIES, INC.,

        Defendant.

                                       /

**OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR REMAND [6] AND (2) GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT [7]**

At a hearing held on June 24, 2009, this matter came before the Court on Plaintiff's motion to remand and Defendant's motion to set aside entry of default. Plaintiff Hannah Wallace filed suit against Defendant The Interpublic Group of Companies, Inc. in Wayne County Circuit Court on February 13, 2009. On April 7, 2009, Plaintiff caused a default to be entered against Defendant. On April 22, 2009, Defendant filed a notice of removal. Plaintiff contends that the notice of removal was untimely because it was filed more than thirty days after Defendant was served, and therefore the case must be remanded to state court. Defendant responds that removal was timely. Defendant also argues that the

default entered against it in state court should be set aside because (1) service was improper, and (2) good cause exists to set it aside. For the reasons set forth below, Plaintiffs motion to remand is DENIED, and Defendants motion to set aside entry of default is GRANTED.

## I.   Facts

### A. Procedural Facts

On February 13, 2009, Plaintiff filed an age discrimination suit against Defendant in Wayne County Circuit Court. (Ex. 1 to Notice of Removal) On February 20, 2009, Plaintiff attempted service on Defendant's resident agent by sending the complaint and summons by certified mail to United States Corporation Company ("CSC"). (Pl.'s Ex. B, Affidavit of Service regarding Summons and Complaint) On April 6, 2009 a default was entered against Defendant. (Ex. 4 to Notice of Removal) On April 17, 2009, a notice of default was mailed by certified mail to CSC.

On April 22, 2009, Defendant removed the case to federal court. (Doc. No. 1) On April 29, 2009, Defendant filed an answer to the complaint. (Doc. No. 4)

### B. Background Facts

On May 5, 2008, Defendant signed its annual report. (Def.'s Ex. 1, Annual Report) On May 6, 2008, Defendant sent the report via certified mail to the Michigan Department of Labor and Economic Growth, Bureau of Commercial Services ("The Michigan Agency"). (Def.'s Ex. B., Certified Mail Receipt) On May 9, 2008, The Michigan Agency received the

report (*Id.*) and accepted a check for $5,525.00 from Defendant for the filing fee. (Def.'s Ex. 1) On May 14, 2008, the check was deposited and it was paid on May 16, 2008. (Def.'s Ex. C, Cancelled Check) Although The Michigan Agency had accepted and processed the filing fee by May of 2008, it did not stamp "filed" on the report until June 16, 2008. (Def.'s Ex. 1)

On May 14, 2008, Defendant completed a Certificate of Change of Resident Agent (Certificate) with The Michigan Agency. (Def.'s Ex. 3, Certificate of Change) On May 22, 2008, The Michigan Agency received Defendant's Certificate. (*Id.*) On May 23, 2008, The Michigan Agency filed Defendant's Certificate. (*Id.*) The effect of the Certificate was that it terminated CSC's status as Defendant's resident agent and empowered The Corporation Company ("CT Corp.") as Defendant's resident agent. (*Id.*)

**II. Analysis**

 **A. Motion to Remand**

The central issues in Plaintiff's motion to remand are (1) whether Defendant was properly served thus triggering the thirty-day time limit for removal, and (2) whether actual notice is sufficient to trigger the thirty-day time limit to remove under 28 U.S.C. §1446(b).[1] The Court addresses each, beginning with the service of process issue.

 **1. Service Was Improper Under Mich. Ct. R. 2.105(D)**

---

[1] It is undisputed that jurisdiction is proper under 28 U.S.C. § 1332(a)

Plaintiff asserts that she attempted service through Mich. Ct. R. 2.105(D)(1), which permits service of a summons and complaint on an officer or the resident agent of a defendant. Plaintiff mailed the documents to CSC, which was no longer Defendant's resident agent. In May of 2008, Defendant changed its resident agent from CSC to CT Corp. The fees for this change were paid and the change was confirmed by The Michigan Agency in 2008. The Michigan Agency failed to update its website, and therefore at the time this action was filed, the website showed CSC as Defendant's resident agent. Defendant's resident agent since the change in 2008 (and therefore at the time this action was filed), however, was CT Corp. Although The Michigan Agency's website inaccurately listed Defendant's resident agent as CSC, Defendant's resident agent was CT Corp. at the time Plaintiff filed this action and attempted service. Because Plaintiff did not serve Defendant's correct resident agent, service was improper under Mich. Ct. R. 2.105(D)(1).[2]

**2. Removal Was Timely**

Plaintiff also argues that Defendant had actual knowledge of the suit, and therefore the time limit started and expired before Defendant filed the notice of removal. Plaintiff sent the notice of entry of default to the same entity to which it sent the summons and complaint.

---

[2] In light of this Court's decision that service was improper, there is no need to address Defendant's additional argument that service on a resident agent under Mich. Ct. R. 2.105(D)(1) requires personal service; not service by certified mail. *See Mosley v. Faurecia Automotive Seating, Inc.*, No. 08-10130, 2008 WL 1925051, *3 (E.D. Mich. May 1, 2008) ("M.C.R. 2.105(D)(1) does not permit service by mail on the resident agent, as made clear by reading subsection (D)(1) in conjunction with subsection (D)(2), which includes a registered mail provision."); *see also Vasher v. Kabacinski*, No. 2:06-CV-12287-DT, 2007 WL 295006, *2 (E.D. Mich. Jan. 29, 2007) ("Michigan law allows service upon a corporation by serving a summons and a copy of the complaint on an officer or the resident agent personally.").

Plaintiff emphasizes that Defendant acted on the notice of entry of default and argues that it is therefore reasonable to assume that Defendant was informed of the summons and complaint.[3] Ultimately, it is irrelevant if and when Defendant received the complaint because Defendant's time to remove is not triggered "by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

### a. Thirty-day Rule Only Triggered by Formal Service

28 U.S.C. §1446(b) provides, in pertinent part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

In *Murphy Brothers*, the plaintiff sent the defendant a "courtesy copy" of the complaint but did not formally serve the summons and complaint until approximately two weeks later. Defendant filed a notice of removal thirty days after the formal service, which was forty-four days after receiving the "courtesy copy." The Supreme Court ruled that the notice of removal was timely under 28 U.S.C. 1446(b) because "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347. Therefore, even if Defendant had actual notice of the suit, the thirty-day time limit would not

---

[3]Plaintiff concedes, however, that "[i]t is unclear whether Defendant similarly received a copy of the complaint (actual receipt) through [CSC], thus beginning the 30 day time period for removal." (Br. in Supp. of Pl.'s Mot. for Remand at 4).

5

commence until the Defendant was formally served with the summons and complaint. Plaintiff relies on *Estate of Baratt v. Phoenix Mutual Life Insurance Co.*, 787 F.Supp. 333 (W.D.N.Y. 1992), for a contrary position.  This reliance is misplaced.  Not only was *Baratt,* decided prior to the Supreme Court's decision in *Murphy*, but it also adds support to the argument that formal service is required to initiate the thirty-day rule.  *See Baratt*, 787 F.Supp at 333 ("To conclude that the 'or otherwise' language [in 28 U.S.C. § 1446(b)] permits a plaintiff to *ignore* the technical service requirements is simply inconsistent with legislative intent . . . .") (emphasis in original).

### b. Entry of Default Does Not Preclude Removal

Finally, Plaintiff argues that Defendant is barred from filing a notice of removal because Mich. Ct. R. 2.603(A)(3) states that "[o]nce the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court . . . ."  Once Defendant filed a notice of removal, however, the state court was deprived of jurisdiction over this matter.  *See* 28 U.S.C. § 1446(d) (providing that once a case is removed to federal court, "the State court shall proceed no further unless and until the case is remanded.").  Thus, once this case was removed, Michigan's Court Rules no longer applied.  Rather, the Federal Rules of Civil Procedure applied.  *See* 28 U.S.C. § 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Therefore, Mich. Ct. R. 2.603(A)(3) did not preclude Defendant from filing a notice of removal.

### 3. Conclusion

Because Defendant was not properly and formally served under the applicable statute (Mich. Ct. R. 2.105(D)), the thirty-day time limit had not been triggered, and Defendant's notice of removal was timely. Moreover, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs, this Court has removal jurisdiction over this case under 28 U.S.C. § 1441(b). Because a "district court may not remand a case over which it properly has jurisdiction," *Hughes v. Ohio Bell Tel. Co.*, 916 F.2d 367, 372 (6th Cir. 1990), Plaintiff's motion to remand is DENIED.

**B. Motion to Set Aside Entry of Default**

The Court now addresses Defendant's motion to set aside the entry of default. Entry of default is a "harsh sanction," *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983), which is why there is "a strong preference for trials on the merits in federal courts." *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). The Court must set aside the default if service was improper. *O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003). Additionally, Rule 55(c) of the Federal Rules of Civil Procedure allows the Court to set aside the default for good cause.

**1. Service Improper**

Plaintiff sent a copy of the summons and complaint by certified mail to CSC at a time when CSC was no longer Defendant's resident agent. Michigan Court Rule 2.105(D)(1) requires that for service to be proper, Plaintiff must have served CT Corp., Defendant's

then resident agent, by a means other than certified mail alone.  Because Plaintiff did not do this, service was improper and the default must therefore be set aside.  *O.J. Distributing*, 340 F.3d at 355.

### 2. Good Cause Exists

The Court may, with broad discretion, set aside the entry of default for good cause. *See id.* at 353.  The factors to be considered in determining whether there is good cause to set aside the entry of default are whether setting aside the default would prejudice Plaintiff, whether the alleged defense is meritorious, and whether the default was willful. *United Coin Meter Co.*, 705 F.2d at 844.

### a. Plaintiff Not Prejudiced

The prejudice that Plaintiff must establish involves factors that substantively affect her case.  *See Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (listing loss of evidence, increased difficulties in discovery, and greater opportunities for fraud and collusion as factors that establish prejudice).  Setting aside the entry of default here would not substantively affect Plaintiff's case, and therefore would not prejudice Plaintiff.

### b. Alleged Defense is Meritorious

Defendant asserts several meritorious defenses in its answer.  Among them is the affirmative defense that Plaintiff voluntarily ended her employment with Defendant.  If Plaintiff voluntarily terminated her employment, she cannot claim that she was fired because of her age.  Whether Plaintiff quit her job or was fired is a question of fact that the

Court must resolve in favor of Defendant at this point of the litigation. *See Berthelsen v. Kane*, 907 F.2d at 621. Regardless of how probable, there is some possibility that Defendant may win the case on the merits, which is "the key consideration." *Amernational Indus. v. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir. 1991) (quoting *INVST Fin. Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir.1987)). Defendant does not need to demonstrate a likelihood of success to establish that a defense is meritorious. *Id.*

### c. Default Was Not Willful

Plaintiff argues that Defendant willfully misled the public regarding its resident agent. Plaintiff also alleges that the default was willful because Defendant had actual knowledge of the suit but did not file an answer. The confusion regarding Defendant's resident agent is the result of The Michigan Agency's website listing the wrong resident agent. Defendant, on the other hand, took the necessary steps to change its resident agent, and the incorrect listing on The Michigan Agency's website was not the result of a willful act of Defendant. Additionally, there is no concrete evidence that Defendant had actual knowledge of the suit. Even if Defendant had actual knowledge of the suit, and even if having such knowledge and not responding can be considered a willful default, it does not necessarily follow that the default should not be set aside. Defendant's willfulness is only one factor to be considered in determining whether good cause exists. *Berthelsen v. Kane*, 907 F.2d at 622. Defendant moved promptly to set aside the default before a judgment was entered, offered a credible explanation for not initially answering the complaint, and did not demonstrate a disregard for the judicial proceedings. These factors, in addition to the

conclusions that Plaintiff would not be prejudiced by setting aside the default and that Defendant has meritorious defenses to the claim, support the argument that the motion to set aside the entry of default should be granted. *Shepard Claims Service*, 796 F.2d at 194.

### 3. Conclusion

The default was entered against Defendant based on improper service. Additionally, there is good cause for the Court to set aside the default. Accordingly, Defendant's motion to set aside entry of default is GRANTED.

### III. Conclusion

For the above stated reasons, Plaintiff's motion to remand is DENIED, and Defendant's motion to set aside the entry of default is GRANTED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 29, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2009, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager